STATE, *ex rel.*, *v.* JACK.

(*Knoxville.*   October 24, 1891.)

HABEAS CORPUS.   *Not maintainable by convict, when.*

A convict, lawfully subject to imprisonment in the penitentiary of the State, and actually confined in a legal branch prison in charge of a Deputy Warden, by authority of the Board of Prison Inspectors, cannot maintain *habeas corpus* for the purpose of effecting his removal from such branch prison upon the averment that he is there illegally detained, for the reason that he was sentenced for an offense punishable alone by confinement in the main prison, or because he was held in such branch prison and required to labor by a sublessee or other person than the original lessee of the penitentiary. These complaints are matters for the Board of Prison Inspectors to determine, and are not proper for the consideration of the Courts in a proceeding by *habeas corpus.*

Act construed: Acts 1889, Ch. 204.

---

FROM KNOX.

---

Appeal in error from Criminal Court of Knox County.   J. W. SNEED, J.

Warren, the relator, having been sentenced to the penitentiary for the term of two years upon a conviction for voluntary manslaughter, was placed in the branch prison at Briceville, Tenn., and there required to work in a coal-mine.   Briceville

had been declared a legal branch prison by the Board of Prison Inspectors, and was in charge of a Deputy Warden.

The original lessees of the penitentiary had obtained an order authorizing the working of convicts in the Briceville mines. The convicts were in fact worked for and on behalf of a certain sublessee. Warren obtained a writ of *habeas corpus* against S. W. Jack, the Deputy Warden, and against the sublessee for the purpose of effecting his removal, averring (1) that convicts sentenced for manslaughter must be worked inside the main prison, and (2) that he was illegally held in custody by a sublessee of the prison.

The lower Court sustained the application and ordered his removal, finding that, as matter of fact, the sublessee, and not the Deputy Warden, was running the branch prison. Defendants appealed.

WILLIAMS & HENDERSON and WASHBURN & TEMPLETON for Warren, the relator.

Attorney-general PICKLE for Warden.

A. S. COLYAR & SON and WEBB & McCLUNG for Sublessee.

TURNEY, Ch. J. On June 12, 1891, Warren was sentenced to the penitentiary of the State for two years for manslaughter. The penitentiary was then,

and is now, leased to the Tennessee Coal, Iron & Railroad Company. That company sublet the labor of a part of the convicts, and its lessee again sublet a part of the labor it had leased. Under the latter lease, Warren was being worked in a coal-mine at Briceville, Tennessee.

He petitions for writ of *habeas corpus*, alleging "that he is illegally detained in said branch prison."

The Act of 1889, Ch. 204, authorizing a lease, provides:

"SEC. 3. Convicts are to be governed, controlled, and disciplined by the Warden and Assistant Warden, according to the by-laws adopted by the Board of Inspectors."

Petitioner was in the custody of an Assistant Warden at the branch prison at Briceville, which was built by the directions of the Superintendent of Prisons, and under his supervision.

Branch prisons are authorized by the Act referred to, and the control, management, and custody of convicts are imposed on the Superintendent, Warden, etc.

Section 9 provides: "That the lessee or lessees will be permitted, except as provided in Sections 11 and 12, to work the convicts at any place or places in Tennessee, subject to the rules and regulations provided in this Act; * * * and they shall have full control of the place or places, character and kind of work or labor in which the convicts shall be employed," etc.

Section 10 enacts: "That, should said lessee or lessees, or any agent of his or theirs, knowingly and willingly treat the convicts cruelly or inhumanly, or keep confined within the walls of the main prison at Nashville exceeding four hundred convicts, * * * then the Governor and Board of Inspectors may declare said lease at an end; * * * and said Governor and Board of Inspectors may re-enter and take possession, * * * and take the custody and control of the convicts."

The record shows the petitioner was regularly sentenced to imprisonment and labor in the penitentiary; that a branch of the penitentiary had, by law, been established at Briceville, in which he was confined; that he was under the control of an Assistant or Deputy Warden.

This prison is as much, under our statute, a part of the penitentiary as are any of the several cells or work-shops in the main prison building in the city of Nashville; its inmates are as directly in the control and custody of the officers of the law. The prisoner is not, therefore, in any sense, illegally restrained of liberty. It is not for him to select the one prison or the other.

So long as he remains in the custody of a Warden, acting under the supervision of the Board of Inspectors, there is no illegality in his confinement at a branch prison.

A remedy for the evils complained of in the proof and argument is provided in clear terms by

the statute, but the case before us does not present a question making its discussion necessary.

Judgment reversed, petition dismissed, and prisoner remanded.